The Honorable Richard A. Jones

1

2

3

4

5 UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
6 AT SEATTLE

7

8 KAREN ISAACSON,                                    Civil Action No. 2:20-cv-00588-RAJ

9                          Plaintiff,               **DISMISSAL ORDER**

10         v.

11 BEN CARSON,

12                          Defendant.

13

14         This matter is before the Court *sua sponte*.  On April 21, 2020, the Honorable

15 Brian A. Tsuchida, United States Magistrate Judge, granted *pro se* Plaintiff Karen

16 Isaacson's application to proceed *in forma pauperis* while recommending review under

17 28 U.S.C. § 1915(e)(2)(B).  *See* Dkt. # 4.  For following reasons, the Court **DISMISSES**

18 Plaintiff's complaint as frivolous under § 1915(e)(2)(B)(i).

19                          **I.    BACKGROUND**

20         Under 28 U.S.C. § 1915, a court is required to dismiss an *in forma pauperis*

21 plaintiff's case if the action "(i) is frivolous or malicious; (ii) fails to state a claim on

22 which relief may be granted; or (iii) seeks monetary relief against a defendant who is

23 immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203

24 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis*

25 complaints, not just those filed by prisoners.").  A complaint is frivolous if it lacks a basis

26 in law or fact.  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

ORDER - 1

The following is taken Plaintiff's complaint, which is assumed to be true for the purposes of this motion to dismiss.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). In May 2016, Plaintiff visited Guild Mortgage to seek advice about obtaining a home equity conversion mortgage (or "reverse mortgage") for her manufactured home.  Dkt. # 5 at ¶ 25.  During the visit, a loan officer allegedly told Plaintiff that "HUD has a rule that if you move your house you can't get a reverse mortgage."  Dkt. # 5 at ¶ 26.  Plaintiff subsequently contacted HUD seeking a reinterpretation or waiver of the rule, but HUD reiterated the requirement and confirmed there were no exceptions. Dkt. # 25 at ¶¶ 29-30.

On April 17, 2020, Plaintiff sued the Department of Housing and Urban Development ("HUD"), the Secretary of HUD, and the Assistant Secretary of HUD and the Fair Housing Administration (collectively "Defendants").  Plaintiff's complaint alleges: (1) Fifth Amendment due process violations, (2) Fifth Amendment equal protection violations, (3) intentional interference with a prospective business expectancy, (4) willful misconduct, (5) intentional infliction of extreme emotional distress, (6) violation of the Fair Housing Act, (7) violation of the Administrative Procedure Act, and (8) unconstitutional pattern or practice.  *See generally* Dkt. # 5.  Each of Plaintiff's claims is based on her allegation that she was denied a reverse mortgage because of HUD's allegedly unlawful rules and regulations, 24 C.F.R. § 203.43f(d)(iii) and HUD Handbook 4235.1 REV-1 § 3-4(B)(4).

This is Plaintiff's fourth action arising from her interactions with Guild Mortgage and HUD.[1]  This Court dismissed Plaintiff's three prior complaints for lack of subject matter jurisdiction after determining that she lacked Article III standing to sue.[2]  Most

---

[1] *See Isaacson v. Sec'y of Hous. & Urban Dev.,* No. 16-cv-1254-JLR; *Isaacson v. Sec'y of Hous. & Urban Dev.*, No. 17-cv-1449-RSL; *Isaacson v. Carson, et. al.,* No. 19-cv-2059-RSL (dismissed as frivolous).
[2] *See Isaacson*, No. 16-CV-1254-JLR (Dkt. #26); *Isaacson*, No. 17-CV-1449-RSL (Dkt. #23), *Isaacson*, No. 19-cv-2059-RSL (Dkt. # 8).

ORDER - 2

recently, in an order dismissing Plaintiff's third complaint, the Honorable Robert S. Lasnik cautioned Plaintiff that "future actions involving these factual and legal allegations, which again fail to establish Article III standing, may be dismissed with prejudice." Dkt. # 8 at 3. Notwithstanding this warning, Plaintiff filed the instant action. For the reasons previously articulated to Plaintiff on several prior occasions, Plaintiff still lacks standing to pursue this action.

## II.    DISCUSSION

Under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Constitutional standing is a "necessary element of federal-court jurisdiction." *Thomas v. Mundell*, 572 F.3d 756, 760 (9th Cir. 2009). To establish Article III standing, a plaintiff must show that (1) she suffered an injury in fact, (2) there is a causal connection between the injury and the defendants' conduct, and (3) the injury will likely be redressed by a favorable decision from the Court. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (citations and internal quotation marks omitted). Here, Plaintiff again fails to allege "an invasion of a legally protected interest which is . . . concrete and particularized and . . . actual or imminent, not conjectural or hypothetical." *Id*. at 560 (internal quotation marks and citations omitted). Plaintiff does not allege that she applied for a reverse mortgage with Guild Mortgage (or any other lender), nor does she allege that HUD reviewed her application and declined to insure the loan. Plaintiff's speculation that she will be unable to obtain a reverse mortgage from any lender as a result of HUD's allegedly unlawful rule and regulation, does not create a concrete injury in fact. *Id*. at 560 (internal quotation marks and citations omitted).

ORDER - 3

1    Plaintiff also fails to show how her alleged injury is "fairly traceable" to

2  Defendants rather than the independent actions of a third party.  *Virginia Sur. Co. v.*

3  *Northrop Grumman Corp*., 144 F.3d 1243, 1246 (9th Cir. 1998).  "[W]here the causal

4  chain involves [a] third part[y] whose independent decisions collectively have a

5  significant effect on plaintiffs' injuries . . . the causal chain is too weak to support

6  standing."  *Native Vill. Of Kivalina v. ExxonMobil Corp*., 696 F.3d 849, 867 (9th Cir.

7  2012).  HUD is not in the business of issuing reverse mortgage contracts.  Instead, such

8  contracts are extended to applicants by third-party lenders and HUD provides optional

9  insurance to lenders of qualifying reverse mortgages.  U.S.C. § 1715z-20(c).  This is fatal

10 to Plaintiff's complaint because even if she could establish an injury in fact, it would be

11 traceable to the lender, not HUD.   Accordingly, Plaintiff lacks constitutional standing to

12 bring this action.

### III.    CONCLUSION

14    This is Plaintiff's fourth bite at the apple.  There will not be a fifth.  Plaintiff was

15 informed on three prior occasions that she lacks standing, yet she continues to file

16 complaints without remedying this underlying defect.  And while a *pro se* litigant

17 ordinarily must be given leave to amend his or her complaint, it is abundantly clear to the

18 Court that further amendment in this case would be futile.  *See* 28 U.S.C. §

19 1915(e)(2)(B)(i); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (dismissal

20 without leave to amend is proper where "it is absolutely clear that no amendment can

21 cure the defect").  Therefore, Plaintiff's complaint is **DISMISSED** with prejudice under

22 28 U.S.C. § 1915(e)(2)(B)(i).  *See, e.g., Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

23 All remaining motions are **TERMINATED**.

24    Finally, as noted above, Plaintiff has a history of filing repetitive and frivolous

25 lawsuits in this Court.  *See Isaacson v. Sec'y of Hous. & Urban Dev.,* No. 16-cv-1254-

26 JLR (dismissed without leave to amend); *Isaacson v. Sec'y of Hous. & Urban Dev*., No.

ORDER - 4

17-cv-1449-RSL (dismissed without leave to amend); *Isaacson v. Carson, et. al.,* No. 19-cv-2059-RSL (dismissed as frivolous, without leave to amend).  Federal district courts have the inherent power to enter pre-filing orders against vexatious litigants.  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007); 28 U.S.C. § 1651(a).  While rare, pre-filing orders may be imposed to "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).  Although such an extreme remedy is not appropriate at this point, the Court will strongly consider a pre-filing order if Plaintiff continues to file frivolous actions.

DATED this 23rd day of April, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER - 5